IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SHERRY G. SMITH                                                                PLAINTIFF

v.                       CIVIL NO. 04-5206

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                   DEFENDANT

## **O R D E R**

Plaintiff Sherry G. Smith appealed the Commissioner's denial of benefits to this court. On September 27, 2005, judgment was entered remanding plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. # 9). Plaintiff now moves for an award of $4,806.68 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for hours of work before the court at an hourly rate of $144.00, and $168.60 in expenses. (Doc. # 10-11). The defendant has filed a response, objecting to certain hours claimed by plaintiff's counsel. (Doc.# 12).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case

for further proceedings is a prevailing party. After reviewing the file, we find plaintiff is a prevailing party in this matter.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also*, *Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

AO72A
(Rev. 8/82)

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir.1991), quoting *Cotter v. Bowen, 879 F.2d 359, 361 (8th Cir.1989).* The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir.1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A).

Plaintiff's counsel requests attorney's fees under EAJA at a rate of $144.00 an hour based on an increase in the cost of living. Attorney's fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase

3

in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index. Plaintiff's counsel has attached a summary of the Consumer Price Index as an exhibit (Doc. # 10) and has presented evidence of an increase in the cost of living. Therefore, the undersigned believes her argument for enhanced fees based on a cost of living increase has merit. Accordingly, we find that plaintiff's counsel is entitled to an award at the rate of $144.00 per hour.

As to the number of hours plaintiff's counsel seeks compensation, defendant objects to the 1.50 hour plaintiff's counsel submitted, prior to the filing of plaintiff's Complaint with this court, on August 10, 2004. Defendant argues that this time is not compensable under the EAJA because it was performed at the administrative level. *See Cornella v. Schweiker*, 728 F.2d 978, 988-89 (8th Cir. 1984)(time spent at the administrative level is not compensable under the EAJA). While this work was performed prior to the filing of the Complaint on August 12, 2004, this time was clearly in preparation for the filing of the Complaint with this court. Therefore, we will allow 1.50 hours.

Defendant further objects to the 2.50 hours on August 12, 2004, (draft of cover letters for service petition, summons, civil cover sheet completion of consent to magistrate form). Plaintiff's counsel responded to defendant's objections on January 9, 2006. (Doc. # 13).

4

Plaintiff's counsel stated that the time submitted on the time sheet was a typographical error and that she meant to request 0.25 hour (2.25 hour will be deducted). Plaintiff's counsel also submitted 0.25 hour on August 12, 2004, for drafting the Affidavit of Service and signing the paperwork. This time cannot be compensated, in full, under the EAJA. *Granville House, Inc. v. Department of HEW,* 813 F.2d 881, 884 (8th Cir.1987) (work which could have been completed by support staff is not compensable under the EAJA). Therefore we will deduct 0.20 hour from each of the above referenced dates. Accordingly, 2.65 hours must be deducted from the total compensable time sought by counsel.

Plaintiff's counsel also submitted a total of 1.50 hours on September 2, 2004, and October 5, 2005, for conferring with plaintiff's previous counsel. Plaintiff's counsel frequently handles social security cases before this court and was also granted the 1.50 hours for reviewing the case prior to filing of the complaint. Therefore, we find the time submitted to be excessive and deduct 1.00 hour.

Plaintiff's counsel seeks a total of 18.45 hours for reviewing the transcript, researching and writing plaintiff's appeal brief. The brief submitted to the court consisted of twelve pages of facts and six pages of argument and discussion. There were also no unique or complex issues to be developed in this particular case. Plaintiff's counsel frequently represents social security plaintiff's before this court and should be well versed in social security law and we find that the time submitted for preparing this brief to be excessive. Therefore we are reducing the number of hours submitted for the preparation of plaintiff's brief to 14.00 hours.

Plaintiff's counsel submitted a total of 8.00 paralegal hours which consisted of typing, formatting and proofing the brief. We find this time is not compensable under the EAJA as these

AO72A
(Rev. 8/82)

hours could have been performed by support staff. *Granville House, Inc. v. Department of HEW*, 813 F.2d 881, 884 (8th Cir.1987) (work which could have been completed by support staff is not compensable under the EAJA). Accordingly, the 8.00 paralegal hours must be deducted from the total compensable time sought by counsel.

Finally, counsel seeks reimbursement for $168.60 in expenses incurred with regard to the filing fee and postage. Such expenses are recoverable under the EAJA and we find $168.60 to be a reasonable award. *See Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988).

Accordingly, we find that counsel is entitled to compensation under the EAJA for: 22.72 (30.82-8.10) hours for attorney's fees, at the rate of $144.00 per hour, and $168.60 in expenses for a total attorney's fee award of $3,440.28. This amount should be paid in addition to, and not out of, any past due benefits which plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the plaintiff.

IT IS SO ORDERED this 17th day of April 2006.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)